AO 91 (Rev 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Luis Alberto Torres Pua<br>Yoeli Alberto Contreras Salas<br>Juan Carlos Davis Pitalua<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 8:20-mj-2095 AEP<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 23, 2020__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Alex Castro, FBI
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d)

Date: 11/2/20

_____
*Judge's signature*

City and state: Tampa, FL           ANTHONY E. PORCELLI, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Alex Castro, being duly sworn, deposes and states the following:

1. I am a Special Agent employed with the Federal Bureau of Investigation (FBI) and have been so employed with the FBI since May 2016.

2. Based on my training and experience as a Special Agent with FBI, I have conducted investigations concerning violations of **Title 21, United States Code, Sections 959 and 960**, which prohibit the production, transportation, importation, distribution and possession of illegal drugs, including cocaine, and violations of **Title 46 Appendix, United States Code, Section 70503** (the Maritime Drug Law Enforcement Act), which prohibits drug trafficking on the high seas, including the possession with intent to distribute cocaine on vessels subject to the jurisdiction of the United States. Through these investigations, I have become familiar with the means and methods narcotics traffickers use to transport, import and distribute illicit drugs, as well as the support and assistance that narcotics organizations require to conduct their illegal activities.

3. Since June 2020, I have been assigned as a Special Agent to Operation Panama Express (North and South) Strike Force. Operation Panama Express is a federally approved Organized Crime Drug Enforcement Strike Force (OCDETF) investigation being conducted by the Drug Enforcement Administration (DEA), FBI, Homeland Security Investigations (HSI), the United States Coast Guard (USCG), the Internal Revenue Service (IRS) and state and local law enforcement agencies. Operation Panama Express cases are prosecuted in the Middle District of Florida

(Tampa Division). Special Agents assigned to Operation Panama Express investigate cocaine smuggling organizations that are responsible for the transportation of cocaine through international waters of the Caribbean Sea (via vessel) to transshipment locations for later introduction and distribution to the United States.

4. This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

    (A)    **Luis Alberto TORRES PUA** (Colombian National)

    (B)    **Yoeli Alberto CONTRERAS SALAS** (Colombian National)

    (C)    **Juan Carlos DAVIS PITALUA** (Colombian National)

who knowingly and willfully conspired to possess with the intent to distribute and possessed with intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, with the Middle District of Florida being the place at which the above individuals first entered the United States, in violation of 46 U.S.C. §§ 70503 and 70506; 21 U.S.C. § 960(b)(1)(B)(ii); and 18 U.S.C. § 2.

5. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore,

2

does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

6. The United States Coast Guard (USCG) has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

### Probable Cause

7. On or about October 23, 2020, while on routine patrol in the Caribbean Sea, a Royal Fleet Auxiliary (RFA) ARGUS Helicopter (HELO) located a suspect go-fast vessel (GFV) carrying the three defendants approximately 168 nautical miles (NM) southwest of Santo Domingo, Dominican Republic (DR), in international waters. The ARGUS HELO observed two (2) individuals in the front of the GFV jettison packages into the water, which was captured on video. The ARGUS HELO was tasked to intercept the GFV. District Seven (D7) granted authorization to use force to compel compliance and granted a United States Coast Guard (USCG) Law Enforcement Detection Team (LEDET) authorization to conduct a right of visit boarding. The LEDET obtained positive control of the vessel and recovered the jettisoned packages.

8. The Master made a claim of Colombian nationality for the crew and for the vessel. However, the Colombian government was unable to confirm or deny

3

registration of the GFV; therefore, the GFV was treated as a vessel without nationality subject to the jurisdiction of the United States.

9.  During the interdiction of this vessel, the LEDET recovered approximately thirty (33) bales of suspected contraband with an at-sea weight of 1,085 kilograms. Narcotics identification kit testing on the suspected contraband was positive for the presence of cocaine.

10. The three (3) crewmembers of the vessel were subsequently identified as the defendants, **Luis Alberto TORRES PUA, Yoeli Alberto CONTRERAS SALAS**, and **Juan Carlos DAVIS PITALUA**.

## Conclusion

11. Based on my training, experience, and knowledge of the investigation, I submit that there is probable cause to believe that the three (3) defendants knowingly and willfully conspired to possess with the intent to distribute and possessed with intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States,

4

with the Middle District of Florida, in violation of 18 U.S.C. §§ 70503 and 70506; 21 U.S.C. § 960(b)(1)(B)(ii); and 18 U.S.C. § 2.

Respectfully submitted,

Alex Castro
Special Agent
Federal Bureau of Investigation

Sworn to me telephonically in Tampa, Florida this ___ day of November, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge